**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-21-00015-CR**
_____

**MICAH LYNN RICHARDSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 75th District Court**
**Liberty County, Texas**
**Trial Cause No. CR34223**

**MEMORANDUM OPINION**

In his sole issue on appeal, appellant Micah Lynn Richardson complains that

the trial court erred by requiring him and his attorney to participate in a probation

revocation hearing by Zoom. We affirm the trial court's judgment.

Procedural Background

After Richardson pleaded guilty to attempted burglary of a habitation, the trial

court deferred a finding of guilt, placed Richardson on community supervision for

six years, assessed a $1,000 fine and ordered Richardson to pay $100 in restitution.

1

Subsequently, the State filed a Motion to Revoke Unadjudicated Community Supervision, which included allegations that Richardson committed new offenses in Oklahoma. The trial court conducted a hearing on the State's Motion to Revoke, and Richardson and the State's witnesses, including an Oklahoma police officer, appeared by Zoom. Richardson filed a Motion for Continuance and objected to the trial court allowing witnesses from out of state to appear by Zoom in violation of the Confrontation Clause of the Sixth Amendment. Richardson requested that the witnesses be present in the courtroom because "we cannot be certain what a witness on zoom is viewing or doing outside the purview of the camera." The trial court denied Richardson's Motion for Continuance and explained that the Confrontation Clause did not apply to revocation proceedings, including proceedings to adjudicate guilt in a deferred status.

After hearing evidence regarding the State's allegations that Richardson violated the terms of his community supervision, the trial court found that Richardson violated the conditions of his community supervision, revoked Richardson's community supervision, found Richardson guilty of attempted burglary of a habitation, and sentenced Richardson to six years of confinement.

Analysis

In his sole issue on appeal, Richardson complains that the trial court erred by requiring him to participate in a probation revocation hearing by Zoom. According

to Richardson, the trial court violated his substantive rights by denying him the right to participate in his revocation hearing in person.

At trial, Richardson only objected to the trial court allowing witnesses from out of state to appear by Zoom in violation of the Confrontation Clause of the Sixth Amendment because "we cannot be certain what a witness on zoom is viewing or doing outside the purview of the camera." Generally, to preserve error for review on appeal, a defendant must object in a timely and specific manner at trial. *Thomas v. State*, 723 S.W.2d 696, 700 (Tex. Crim. App. 1986). If an objection made at trial does not comport with his argument on appeal, a defendant has not preserved any error. *Id.*; *Borne v. State*, 593 S.W.3d 404, 412 (Tex. App.—Beaumont 2020, no pet.). During trial, Richardson did not complain about the trial court requiring him to participate in a probation revocation hearing by Zoom. Since Richardson's complaint on appeal does not comport with his objection at trial, we conclude that Richardson has not preserved any error. *See Thomas*, 723 S.W.2d at 700; *Borne*, 593 S.W.3d at 412. We overrule Richardson's sole issue and affirm the trial court's judgment.

AFFIRMED.

_____
W. SCOTT GOLEMON
Chief Justice

Submitted on February 25, 2022
Opinion Delivered June 8, 2022
Do Not Publish
Before Golemon, C.J., Kreger and Horton, JJ.